UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JACKSON,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT A. HOREL, warden,<br><br>    Respondent.<br>_____ / | No. C 07-1334 SI (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Joseph Jackson, an inmate at Pelican Bay State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Jackson reports in his petition that he was convicted in the Los Angeles County Superior Court of kidnapping for robbery and was found to have used a weapon in the offense. He reports that he was sentenced in 1982 to a term of "life plus one year" in prison. Petition, p. 2. His petition does not challenge his conviction but instead challenges a decision by the Board of Prison Terms ("BPT") at a January 27, 2005 hearing that found him not suitable for parole.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Jackson alleges that the BPT's decision that he was unsuitable for parole violated his right to due process because it was not supported by some evidence. Liberally construed, the allegations state a cognizable claim for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (adopting some evidence standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)).

**CONCLUSION**

For the foregoing reasons,

1. The due process claim based on insufficiency of the evidence is cognizable and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **June 29, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed

and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **August 3, 2007**.

5. The court did not receive the filing fee that petitioner claims he sent. He should check with the inmate trust account office at his prison to obtain a replacement check. This action will be dismissed if petitioner has not paid the filing fee by **August 3, 2007**.

IT IS SO ORDERED.

DATED: April 23, 2007

SUSAN ILLSTON
United States District Judge

3